UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

LUIS FLORES ARZUAGA, et al.

Plaintiffs

CIVIL NO. 98-2080 (PG)

v.

COMMONWEALTH OF PUERTO
RICO, et al.

Defendants

**OPINION & ORDER**

Pending before this Court are: Defendants' Commonwealth of Puerto Rico and the Puerto Rico Police Department motion to dismiss (Dkt. #5); Defendants' Commonwealth of Puerto Rico, the Puerto Rico Police Department, and Pedro Toledo Dávila motion to dismiss (Dkt. #11); Defendants' United States of America, the Federal Bureau of Investigation ("FBI"), Mr. James Weber, director of the FBI, and other unknown federal agents motion to dismiss (Dkt. #14); and Plaintiffs' response to Defendants' Commonwealth of Puerto Rico, Puerto Rico Police Department, and Pedro Toledo Davila motions to dismiss and request of leave of court to amend complaint (Dkt. #15). Due to the nature of the aforementioned motions, they will be reviewed jointly by this Court.

**Background**

The facts of this case can be summarized as follows. On September 26, 1997 federal

agents and state police officers conducted a search and seizure on the premises of Luis Flores Auto Sales, "LFA Auto", property and business of plaintiff Luis Flores Arzuaga. Plaintiff Flores Arzuaga alleges that the search and seizure that took place on the 26th of September was illegally, unreasonably, and unjustifiably conducted, "shattering his reputation and leaving him, and his family, bewildered and devastated." Plaintiffs allege that the search and seizure constituted violations of their rights protected by the First, Fifth, Ninth, Tenth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. §1983, Article II sections 1, 4, 7, and 8 of the Constitution of the Commonwealth of Puerto Rico, and Article 1802 of the Civil Code of Puerto Rico of 1930, P.R. LAWS ANN. tit. 31, §5514. For the alleged violations plaintiffs seek monetary relief and punitive damages exceeding $2,750,000 in addition to attorney's fees and costs.

## Analysis and Discussion

A. Claims Against the Commonwealth of Puerto Rico, the Puerto Rico Police Department, and Pedro Toledo Dávila

1) The Eleventh Amendment Bar

The Eleventh Amendment Bar renders a state immune from suits brought in the federal courts by it own citizens as well as by citizens of another State, unless the State expressly waives the immunity, or Congress abrogates the same. *Employees of Department of Public Health & Welfare v. Dept. of Public Health and Welfare*, 411 U. S. 279, 280 (1973). The Eleventh Amendment, despite absence of any express reference, pertains to Puerto Rico in the same manner, and to the same extent as if Puerto Rico were a State. *De Leon Lopez v. Corporacion Insular de Seguros*, 931 F2d 116, 121 (1st Cir. 1991). States may waive their

Eleventh Amendment immunity, but a waiver of this immunity does not grant Plaintiffs the ability to sue States under §1983. Even in situations in which a State has waived its Eleventh Amendment immunity, it is not subject to suit under §1983, because it will not be a "person" for purposes of the statute. *Howlett ex. rel. Howlett v. Rose*, 496 U. S. 356 (1990). A state "may not, by statute or common law, create a cause of action under §1983 against an entity whom Congress has not subjected to liability." *Id.* at 376.

The Eleventh Amendment immunity, also extends to government entities when such entities function as an alter ego of the State. The Puerto Rico Police Department is a state agency and functions as an alter ego of the state. The Court has established that claims for monetary relief against the Puerto Rico Police Department in federal court are precluded by the Eleventh Amendment because such claims, if successful, would have to be satisfied from coffers of the Commonwealth of Puerto Rico. *Reyes v. Supervisor of Drug Enforcement Administration*, 834 F.2d 1093, 1098 (1st Cir. 1987).

Finally, it has been established that "official capacity suits, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U. S. 159, 165 (1985), (*quoting Monell v. New York City Dept. of Social Services*, 436 U. S. 658, 690, n. 55 (1978)). In *Will v. Michigan Dept. of State Police*, 491 U. S. 58, 71 (1989), the Supreme Court of the United states held that "neither a state nor its official acting in their official capacities are 'persons' under §1983." The rationale behind such holding is that an action against a state official in his or her official capacity implies an action against the entity that he or she represents. *Brandon v. Holt*, 469 U. S. 464, 471 (1985).

4

Therefore, the action against defendants Commonwealth of Puerto Rico, the Puerto Rico Police Department, and Pedro Toledo Dávila, in his official-capacity, is barred by the Eleventh Amendment immunity.

2) Individual-Capacity Suit Against Pedro Toledo Dávila

Suits against officials in their individual-capacities are suits against the officials themselves, in which relief is sought against the individual. The doctrine established in *Will*, does not apply when state officials are sued in their individual-capacity because they are considered persons under §1983. *See Hafer v. Melo*, 502 U.S. 21 (1991). Officials sued in their individual-capacities enjoy no immunity under the Eleventh Amendment.

When state officials are sued in their individual-capacities, they have to be summoned according to the rules of personal service. The Court lacks personal jurisdiction with respect to a claim for damages against an official in his or her personal capacity if such official is not personally served as required by the rules governing the personal serving of summons. *See Micklus v. Carlson*, 632 F.2d 227 (3rd Cir. 1980). Since Defendant Pedro Toledo Dávila has only been summoned in his official capacity as Superintendent of the Puerto Rico Police Department, the Court lacks personal jurisdiction with respect to Plaintiffs' claim for monetary relief against Defendant Toledo Dávila in his individual capacity. Furthermore, Rule 4(m) of the Federal Rules of Civil Procedure establishes that: "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative . . . shall dismiss the action without prejudice as to that defendant . . ." Rule 4(m) also states that if plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. Plaintiffs have

failed to show good cause for failing to summon Defendant Pedro Toledo Dávila in his individual-capacity, and since the time frame established by Rule 4(m) for the servicing of summons expired long ago, the claims against defendant Pedro Toledo Dávila in his individual-capacity are dismissed.

### B. Claims Against the FBI, James Weber-Director of the FBI, other federal agents, and the United States

The Supreme Court held that when Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of an entity that can be sued. *See Keifer & Keifer v. Reconstruction Finance Corporation*, 306 U.S. 381, 390 (1939). Because there is no specific, or implied, statutory authority for suing the FBI in its own name, the United States is the proper-party defendant in the matter at hand. *See Blackmar v. Guerre*, 342 U.S. 512 (1952); *Fluellen v. U.S. Dept. of Justice Enforcement Administration*, 816 F.Supp. 1206 (1993); *Laspopoulos v. FBI*, 884 F.Supp. 214 (1995); *Fraizer v. FBI*, 901 F.Supp. 217 (1995). Thus, the claim against the FBI is dismissed.

A claim against an FBI agent in his official capacity is, in essence, a claim against the United States. *See Kentucky v. Graham*, 473 U.S. 159 (1985). No suit may be maintained against the United States absent an unequivocal waiver of sovereign immunity for constitutional tort claims against the Federal Government. *See Keene Corp. v. U.S.*, 700 F.2d 836 n.13 (2nd Cir.), *cert. denied*, 464 U.S. 864 (1983). Congress has provided a limited waiver of sovereign immunity under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C.A.

§§1346(b), 2671-2680. When a claim involves a state law tort allegedly committed by a federal employee acting within the scope of his employment, the exclusive remedy that exists for plaintiffs is to sue the United States under the FTCA. 28 U.S.C.A. §2679(b)(1). An action shall not be instituted against the United States for money damages for injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. 28 U.S.C.A. §2675(a). Plaintiffs in the case at hand have not exhausted their administrative remedies before initiating this action before the Court. Plaintiffs' claims against James Weber in his official-capacity, against other unknown federal agents, and against the United States are dismissed.

Furthermore, Plaintiffs contend that Defendant James Weber is individually responsible for the alleged damages they suffered. Defendant James Weber has not been summoned personally to appear before the Court in his individual-capacity according to Rule 4(e) of the Federal Rules of Civil Procedure. As discussed before, Rule 4(m) of the Federal Rules of Civil Procedure establishes the time frame in which summons must be serviced to defendants. Absent good cause for failing to service summons, the Court can dismiss the action without prejudice as to that defendant. Plaintiffs have failed to show good cause for failing to summon Defendant James Weber in his individual-capacity. The Court lacks in personam jurisdiction with respect to the claim for damages against defendant James Weber in his individual-capacity. Thus, the claims against defendant James Weber in his individual-capacity are also be dismissed.

WHEREFORE, Defendants' Commonwealth of Puerto Rico and the Puerto Rico Police Department motion to dismiss (Dkt. #5); Defendants' Commonwealth of Puerto Rico, the Puerto Rico Police Department, and Pedro Toledo Dávila motion to dismiss (Dkt. #11); and Defendants' the United States of America, the FBI, and James Weber motion to dismiss (Dkt. #14) are hereby **GRANTED**. Plaintiffs' request of leave of Court to amend complaint is hereby **DENIED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, July _17_, 2000.

JUAN M. PEREZ-GIMENEZ
U. S. District Court

s/c: (4)
JUL 24 2000